The first ground is resisted by the plaintiff for two reasons.
I. The continuance or not continuance of a cause is a matter of indulgence, not of right and consequently eannot.be assigned for error in this Court, which can only take notice of errors ⅛ lave on a bill of exceptions.
In many cases the Court will grant a continuance, in other they refuse it altogether : such as a penal action, or where the defence is slavery, and from this it is inferred that it is not a legal right⅝ or else all parties before the Court would have the same right to demand it. ; again the same book, «he same page, says that the Court of Common Pleas and Court of King’s Bench have different rules on the subject, which proved it also to be a point or matter of practice there altogether, which the Court may alter and change at pleasure. 2 Tidd, 708.
*728 In actions of a peculiar kind, the Court will 1 refuse it altogether. Bosanquet & Puller, 454.
A continuance is not a matter of right, either in or behalf of the crown, or the prisoner ; ‘if tjjjs ⅛ jaw jn a criminal case, it ought a fortiori to be the same in a civil one : but Lord Mansfield in D’Eon’s case expressly states that civil and criminal cases stand on the same footing, as it respects continuances. From this we conclude, that this Court can only examine the proceedings of thé inferior tribunals on bills of exceptions for errors committed in their decisions on the rights, the legal rights of the parties ; the continuance' is not a matter of right : consequently not a subject of revision here. M'Nally, P. C. 454.
This authority is supposed to be conclusive. The Supreme Court of the U. States have laid it down expressly that it cannot be assigned for error : that a continuance is mere matter of favour and discretion, and that, that Court could not loojv into it. 4 Crunch, 237.
The principal authorities cited by the opposite side were D’Fjon’s case from Burrows, and the cases cited from Virginia ; as to the first it does not touch,any of the authorities we have cited ; it was a trial at bar when die whole Court were present on a motion for continuance. Lord Mansfield delivered a long opinion in which ¿ great deal was said on points not necessary to the *729 decision of the cause ; but he no* where says, that if the Court refine it, that refusal can be assigned for error on the record, on the contrary he says the court would correct it by a new trial ; that is of course the Court where the cause is depending‘
The Virginia cases are in direct opposition, with M’Nally, Foster, the Court of Common Pleas in England, and the Supreme Court of the United States. It is presumed there must be something in the statutory provisions of that state, which has justified their courts going so far ; this we cannot say positively: the weight of authority and of reason, however, is on our side : this tho toecan say positively:, that in no other state in the Union have similar decisions to those reported in Virginia taken place, nor in England. We are willing to abandon the cause, if a single case can be cited from the English decisions which will shew that such a refusal was ever assigned On the record as a matter of error. The case from Bo-sanquét 8t Puller indeed proves it was never thought of there ; the motion was made by. ser-jeant Shepherd, as able a lawyer as was then at the bar in that country, the decision of the Court, refusing him time to get his testimony, ruined his defence: yet from the report it does not appear he ever attempted assigning it for error on the record.
*730 Supposing it, however, examinable here, it is confidently expected that from the affidavits made anf] the reasons urged by us on the argument, this Court will be of opinion that the Court below did ^fusing the continuance*
II. The second point is recited ¡on the ground that the provisions made for the trial by jury were intended for a different system. That they have been impliedly repealed by the change of the judiciary, that the provisions,then made for the request’of a jury are now unnecessary ; that many of its provisions are totally impossible to be reduced to practice under the present arrangement of our courts. The statute establishing the Superior Court was cited to shew this, it Was also cited to shew that the Court, by the section immediately preceding that which regulates the mode in which the parties shall ask for it, has a right to call in a jury to decide such points as it may submit to them ; our construction of the statute we also fortified by the universal and invariable practice since the late Superior Court went circuit; which practice was never complained of or objected to by the bar; the two day time for drawing up the points was merely given for the convenience of the Court ; the party by statute had no right to interfere in it, or even see the points submitted by his adversary. The Court could wave it, if it thought proper so to do.
*731 But we cctotend at q|leffnts^-#»t ifdhese wei* errors, they were gp^r&jn tofm, -pot stifestance j that they went merely to the mode of examination of the case, and not to an incorrect decision of it on the merits. Is there ány reason to presume tfiat the jury would have given a different decision On F riday from what they did on Tuesday ? Certainly not. The case of Sompeyrac vs. Bludworth de-cidéd at last term, is relied on by us as a positive authority, that even on a ease brought up by bill of exceptions, the Court would not send it back for re-examination for errors committed in form ; the statute too says the same thing.
As to the continuance again, one idea was forgot uncfer that head, which we respectfully think conclusive, viz. if this continuance had been improperly granted, could the plaintiff have assigned it for error, and if his witnesses had died, could this Court have it sent back to be tried op the testimony that was present at the term when the. continuance was improperly granted, certainly pot; and is it possible that a defendant can stand before a Court and have more privileges on the same application than the plaintiff?
The bench not being full, and the case being new and important, a desire was intimated by the Court, not to decide on it, without the aid *732 a^sent Judge-arid the counsel consenting thereto, the cause was continued.
**⅜ There was no case determined during the months of October and November..